AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means      ☐ Original      ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Information associated with the Google Account ZathanNexus@gmail.com that is stored at premises controlled by Google LLC | )<br>)<br>)<br>)<br>)<br>) | 2022R01031<br><br>Case No. 3:22-mc-1055 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   __Northern__   District of   __California__
*(identify the person or describe the property to be searched and give its location)*:

Information associated with account(s) ZathanNexus@gmail.com as described in Attachment A hereto.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

The information and items set forth in Attachment B hereto. See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   __November 22, 2022__   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   __U.S. Magistrate Jolie A. Russo, via Clerk__   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   __11/08/2022  7:30am__                                                  *Jolie A. Russo*
                                                                                                                                              Judge's signature

City and state:   __Portland, Oregon__                                                  Honorable Jolie A. Russo, United States Magistrate Judge
                                                                                                                                        *Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: 3:22-mc-1055 | Date and time warrant executed: See below dates | Copy of warrant and inventory left with: Notice Regarding Service to be filed with Court |
| Inventory made in the presence of : SA Chris Polinsky |||

Inventory of the property taken and name(s) of any person(s) seized:

Warrant served on 11/08/2022.  Production received on 12/08/2022.  Items seized:

- Subscriber information and IP logs.

- Billing information.

- 241 emails related to weapons purchases, shipping information, money laundering, or proof of account control (out of 5338 emails produced).

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 01/20/2023

*Executing officer's signature*

Matthew Peterson, Special Agent
*Printed name and title*

## ATTACHMENT A

### Description of the Property to be Searched

1. **Subject Email Account:** ZathanNexus@gmail.com

Information associated with the Google account connected with the email address "ZathanNexus@gmail.com" (**Subject Email Account**) which is stored at premises controlled by Google LLC ("Google" or "Provider"), headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

## ATTACHMENT B

### Particular Things to be Seized

I.     **Information to be disclosed by Google LLC, to the government:**

1.     Google LLC (Google) shall disclose to the government the following information associated with the Google account having the email address ZathanNexus@gmail.com (**the Subject Account**), which is within Google's possession, custody, or control, including all records, files, logs, or information that have been deleted but are still available to Google, or that have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), for the time period April 1, 2021, to the date the search warrant is executed:

    a.     The contents of all emails and chat messages associated with the Subject Account, including stored or preserved copies of emails or chat messages sent to and from the Account, draft emails, the source and destination addresses associated with each email or chat message, the date and time at which each email or message was sent or received, attachments to any e-mail or message sent or received, and the size and length of each email, including any and all emails including inbox, outbox, draft, sent, received, deleted, etc.

    b.     All records or other information regarding the identification of the user or subscriber of the Subject Account, including the full customer or subscriber name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the Subject Account was created, the length of service, the IP address used to register the Subject Account, log-in IP addresses associated with session times and dates, account status, alternative or recovery e-mail addresses provided

during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number).

    c.    The types of service utilized.

    d.    Payment information, including billing address, shipping address, and payment instruments, associated with the Subject Account.

    e.    All records pertaining to communications between Google and any person regarding the Subject Account, including contacts with support services and records of actions taken.

**II.    Information to be seized by the government:**

2.    All information described above in Section I that constitutes evidence, fruits, or instrumentalities of violations of 18 U.S.C. § 554 (outbound smuggling), 13 U.S.C. § 305 (unlawful export information), and 18 U.S.C. § 1956 (money laundering), from April 1, 2021, to the date of the execution of the warrant, including the following:

    a.    Messages, communications, records, and files associated with or attached to email or chat messages, and transactional data that constitute evidence of, or that may have been used to facilitate, or that were capable of being used to commit or further, violations of 18 U.S.C. § 554, 13 U.S.C. § 305, or 18 U.S.C. § 1956.

    b.    Invoices, statements, payment records, bills of lading, customs declarations, or other shipping records related to the purchase or shipping of weapons or other contraband subject to U.S. smuggling laws.

    c.    Communications that pertain to or are evidence of the purchase, distribution, transfer, shipping, or receipt of weapons, weapons components, or other contraband subject to smuggling laws.

      d.      Information relating to who created, used, or communicated with the account, including records about their identities and whereabouts.

      e.      Information indicating the Account owner's or user's state of mind, knowledge or understanding of laws, or willfulness as it relates to the crimes under investigation.

**III.**    **Search procedure:**

3.    The warrant will be executed under the Stored Communications Act, and in particular 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A). Google shall disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of this attachment.

      a.      Upon receipt of the information from Google, government personnel will segregate the information into two groups: (i) information that is subject to seizure under Section II of this attachment; and (ii) information that is not subject to seizure under Section II. This review will be performed within a reasonable period of time not to exceed 180 days from the date that Google provides data in response to the warrant. If the government needs additional time to conduct this initial review, it may seek an extension of time from the Court.

      b.      Information that is subject to seizure under Section II of this attachment will be copied onto a separate storage device or medium. Such information may be used by law enforcement in the same manner as any other seized evidence. Information that is not subject to seizure under Section II of this attachment shall be sealed by government personnel and stored in a secure location. Such information will not be reviewed again

without further order of the court (*e.g.*, a subsequent search warrant or order to unseal by the court).

   c.  The government will retain a complete copy of the information received from Google for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering with, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.